IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:

PEDRO DOMINGUEZ on his own behalf
and on behalf of all others similarly situated,

    Plaintiff,

v.

WILD IRISHMAN TREE & LANDSCAPE, INC. and
DUANE J. O'HARA

    Defendants.

---

### CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

---

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-named Defendants.

### STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are currently, or were formerly, employed by Defendants as hourly landscaping employees.

2. Defendants outright refuse to pay their employees for weeks on end of work performed and refuse to pay overtime wages for overtime hours worked.

3. Defendants violated the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order ("MWO"), 7 C.C.R. 1103-1 and the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1 (2020), because the CMWWA requires employers to pay employees for all hours worked and one and one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and beyond twelve each workday.

4. Defendants also violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because that Act requires employers to pay their employees one and one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5. Defendants also violated the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship.

6. Plaintiff seeks compensation for Defendants' violations of the CMWWA, FLSA and CWCA on his own behalf and on behalf of all other similarly-situated hourly employees.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Pedro Dominguez was employed by Defendants from approximately October, 2018 through approximately July, 13 2020. Plaintiff Dominguez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

8. Defendant Wild Irishman Tree & Landscape, Inc. is a registered domestic corporation which has a principal street address of 2833 Utica St., Denver, CO 80212.

9. Defendant Duane J. O'Hara is the owner and manager of Wild Irishman Tree & Landscape, Inc.

10. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA. 29 U.S.C. §§ 201 *et seq.*

11. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims brought under the CMWWA and CWCA pursuant to 28 U.S.C. § 1367.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

13. Plaintiff and those similarly situated worked as hourly landscape employees for Defendants.

14. Defendants regularly cheat their employees out of earned wages by refusing to pay Plaintiff and those similarly situated for all hours worked.

15. For example, Defendants refused to pay Plaintiff *any wages at all* for his last week of work, and refused to pay him $130.00 in wages due from the week prior. Similarly, Defendants refused to pay their employee Hermann Schwaiger Varón, who was employed by them from approximately May 22, 2020 through approximately July 9, 2020, for approximately 4 weeks of work performed. Defendants refused to pay their employee Edgar Anderson, who worked for Defendants from approximately May 23, 2020 through approximately June 16, 2020, for approximately four weeks of work performed, and Defendants refused to pay their employee Manuel Araujo, who worked for them from approximately 2015 through approximately August, 2019, for work performed during the last two weeks of his employment.

16. Defendants also refused to pay their employees overtime wages for hours worked beyond forty each workweek and beyond twelve each workday.

17. For example, during the workweek of July 12, 2020 through July 16, 2020, Plaintiff Dominguez worked 48.5 hours and was not paid overtime wages for those hours beyond 40 he worked that week. By way of further example, during the workweek of September 9, 2019 through September 16, 2019, Defendants' employee Gerardo Acosta worked 47.5 hours. He also worked 56.5 hours the week of September 23, 2019 through September 29, 2019. Mr. Acosta was not paid overtime wages for those hours beyond 40.

18. Defendants subjected all their hourly employees to these policies and practices of wage

3

theft and avoidance of overtime wage payments.

19. At all times relevant to this action, Defendants employed persons, including Plaintiff, within the State of Colorado.

20. At all times relevant to this action, Plaintiff and Defendants' other employees performed landscaping labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

21. Defendant Wild Irishman Tree & Landscape, Inc. sold and offered for sale a service (landscaping services) to the consuming public, and generated 50% or more of its annual dollar volume of business from such sales.

22. Plaintiff and Defendants' other employees handled landscaping materials and equipment, such as blowers, rakes, shovels, bricks, flowers, mulch, and wheelbarrows, which moved in interstate commerce each year relevant to this action.

23. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

24. Defendant Duan J. O'Hara, at all material times, exercised operational control and/or financial control over the Wild Irishman enterprise and exercised control over the terms and conditions of employment of his employees. For example, Defendant O'Hara directed his employees as to their job duties, decided how much his employees would be paid, made all important financial decisions regarding the enterprise, and made the decision to avoid paying wages for hours worked and to avoid paying overtime wages.

25. Plaintiff hereby demands payment on behalf of himself and all other employees who have separated from employment with Defendants in an amount equal to all earned but unpaid regular rate and overtime premium wages due.  This demand for payment is continuing and is also made

on behalf of any current employees of Defendants whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM

26. Plaintiff asserts his First Claim, brought under the CMWWA, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

27. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CMWWA Class" as follows:

> All Wild Irishman hourly employees who worked on or after September 15, 2014.

28. This action is properly brought as a class action for the following reasons.

29. Defendants failed to pay all their hourly employees wages for all hours worked and overtime wages for overtime hours worked.

30. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 40-60 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

31. Numerous questions of law and fact regarding Defendants' liability are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their employees for all hours worked and whether Defendants failed to pay their employees overtime wages for overtime hours worked.

32. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer refusing to pay regular and overtime wages for hours worked. The claims at issue arise from Defendants' practices which applied to all members

of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policies of failing to pay regular and overtime wages were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

34. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

35. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

36. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

37. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CMWWA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

38. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

39. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

40. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

41. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

42. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE SECOND CLAIM

43. Plaintiff brings his Second Claim, brought under the FLSA, as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All Wild Irishman hourly employees who worked on or after September 15, 2017.

44. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a

three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

45. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding regular and overtime wage payments.

## RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM

46. Plaintiff asserts his Third Claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

47. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Class" as follows:

All former Wild Irishman hourly employees who worked on or after September 15, 2017.

48. This action is properly brought as a class action for the following reasons.

49. Defendants failed to pay all their former hourly employees all earned, vested and determinable wages upon termination of employment.

50. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 30-50 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

51. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their employees all earned, vested and

determinable wages upon termination of employment and whether Defendants are subject to CWCA penalty provisions for their failure to pay wages.

52. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay earned, vested and determinable wages when employees separate from employment. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' practice of failing to pay earned, vested and determinable wages when employees separate from employment were unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

54. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

55. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

56. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

57. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CWCA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

58. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

59. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

60. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

61. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

62. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

**FIRST CLAIM –Failure to Pay for All Hours Worked and Failure to Pay Overtime Premiums**
**Violation of the CMWWA (Colo. Rev. Stat. § 8-6-101, *et seq*.) as implemented by the MWO (7 CCR 1103-1) and the COMPS (7 CCR 1103-1) (2020)**

63. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

64. Plaintiff asserts this count on his own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

65. Defendants were Plaintiff's and others' "employer" as that term is defined by the MWO and the COMPS because they employed Plaintiff and others in Colorado.

66. Plaintiff and others were Defendants' "employees" because they performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

67. Defendants employed Plaintiff and others in a Retail and Service enterprise which sold and offered for sale a service (landscaping services) to the consuming public, and which generated 50% or more of its annual dollar volume of business from such sales. 7 C.C.R. 1103-1(2)(A).

68. Defendants violated the MWO and the COMPS when they failed to pay Plaintiff and others regular and overtime wages.

69. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

70. Plaintiff and others are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit.  Colo. Rev. Stat. § 8-6-118.

**SECOND CLAIM – Failure to Pay Overtime Premiums**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

71.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

72. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

73. Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

74. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

75. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

76. Defendants violated the FLSA when they refused to pay Plaintiff and others for overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

77. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

78. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

79. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

### THIRD CLAIM
### Violation of the CWCA (Colo. Rev. Stat. § 8-4-101, *et seq*.)

80. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

81. Defendants were Plaintiff's and others' "employer" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. Colo. Rev. Stat. § 8-4-101(6).

82. Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants.  Colo. Rev. Stat. § 8-4-101(5).

83. Defendants violated the CWCA, when they failed to pay Plaintiff and those similarly

situated all earned, vested and determinable wages upon termination of employment. Colo. Rev. Stat. § 8-4-109.

84. As a result, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

85. Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

**WHEREFORE**: As to his FIRST CLAIM brought pursuant to the CMWWA, Plaintiff respectfully requests an Order from the Court that:

    a. This claim be certified as a class action pursuant to Fed. R. Civ. P. 23;

    b. Plaintiff be certified as the class representative of the Rule 23 Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e. Plaintiff and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

    f. Plaintiff be awarded a service award in recognition of his work as representative of the Rule 23 Class;

    g. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

And as to his SECOND CLAIM brought pursuant to the FLSA, Plaintiff respectfully requests an Order from the Court that:

    a. Appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members promptly;

    b. Plaintiff and those who opt-in to the action be awarded unpaid overtime premiums;

    c. Plaintiff and those who opt-in to the action be awarded liquidated damages as required by law;

    d. Plaintiff and those who opt-in to the action be awarded pre-judgment and post-judgment interest as permitted by law;

    e. Plaintiff and those who opt-in to the action be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. Plaintiff and those who opt-in to the action be awarded such other and further relief as may be necessary and appropriate.

And as to his THIRD CLAIM, brought pursuant to the CWCA, Plaintiff respectfully requests an Order from the Court that:

    a. This claim be certified as a class action pursuant to Fed. R. Civ. P. 23;

    b. Plaintiff be certified as the class representative of the Rule 23 Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e. Plaintiff and the Rule 23 Class be awarded the wages earned, vested and determinable wages they are due per Colo. Rev. Stat. § 8-4-109;

    f. Plaintiff and others be awarded statutory penalties per Colo. Rev. Stat. § 8-4-109;

    g. Plaintiff and others be awarded attorney fees and costs of suit per Colo. Rev. Stat. § 8-4-110;

    h. Plaintiff be awarded a service award in recognition of his work as representative of the Rule 23 Class;

    i. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
MILSTEIN LAW OFFICE
2400 Broadway, Suite B

14

Boulder, CO 80304
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiff*

15