**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 20-cv-02789-RMR-SKC

PEDRO DOMINGUEZ on his own behalf
and on behalf of all others similarly situated,

       Plaintiff,

v.

WILD IRISHMAN TREE & LANDSCAPE, INC. and
DUANE J. O'HARA

       Defendant(s).

---

**PROPOSED FINAL PRETRIAL ORDER**

---

## 1. DATE AND APPEARANCES

A Trial Preparation Conference was held on TBD and in attendance were:

Brandt Milstein
MILSTEIN TURNER, PLLC
1942 Broadway, Suite 509
Boulder, CO 80302
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiffs*

Reid J. Allred
Cambridge Law, LLC
4610 S. Ulster Street, Suite 150
Denver, CO 80237
303.488.3338
Reid@Cambridgelawcolorado.com

*Attorney for Defendants*

## 2. JURISDICTION

This Court has jurisdiction over Plaintiffs' claims brought under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 et seq.) pursuant to 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over Plaintiffs' claims brought under the Colorado Minimum Wage Order ("MWO") / Colorado Overtime and Minimum Pay Standards Order ("COMPS") (7 CCR 1103-1), and the Colorado Wage Claim Act ("CWCA"), pursuant to 28 U.S.C. § 1367. Defendants do not contest the Court's jurisdiction.

### 3.  CLAIMS AND DEFENSES

Plaintiffs' Claims:

Defendant Wild Irishman Tree & Landscape, Inc. is a local landscaping company. Defendant Duane J. O'Hara its sole owner and officer. Plaintiffs are immigrant laborers who Defendants hired to perform landscaping work. Plaintiff Pedro Dominguez brought this action because Defendants refused to pay him his last paycheck and refused to pay him overtime wages. As of the date of this filing, five other former employees of Defendants have joined the case because they too were denied final paychecks and overtime wages. Plaintiffs will show at trial that Defendants violated the FLSA, the MWO/COMPS and the CWCA when they refused to pay Plaintiffs the wages they are due.

For example, Plaintiffs will show that Defendants refused to pay Plaintiff Dominguez any wages at all for his last week of work, and refused to pay him $130.00 in wages due from the week prior. Similarly, Plaintiffs will show that Defendants refused to pay Plaintiff Schwaiger, who was employed by them from approximately May 22, 2020 through approximately July 9, 2020, for the final 4 weeks of work he performed, and that Defendants refused to pay Plaintiff Araujo, who worked for them from approximately 2016 through approximately August, 2019, for work performed during the last two weeks of his employment.

Plaintiffs will also show at trial that Defendants refused to pay them overtime wages. For example, Plaintiffs will present timecard evidence showing that during the workweek beginning June 22, 2020, Plaintiff Dominguez worked 45.5 hours and that during the workweek beginning June 29, 2020, Plaintiff Schwaiger worked 43 hours. Plaintiffs will show that Defendants refused to pay them overtime premiums for hours worked over 40 each week.

Plaintiffs served on Defendants, pursuant to the CWCA, a demand for all unpaid wages on

October 12, 2020. Defendants failed to tender the wages due within the CWCA's 14-day grace period to avoid statutory penalties. Defendants continue to refuse to pay Plaintiffs the wages they worked for and are due.

Plaintiffs seek their unpaid regular and overtime wages pursuant to the FLSA (29 U.S.C. § 216) and the MWO/COMPS (7 CCR 1103-1), liquidated damages pursuant to the FLSA (29 U.S.C. § 216), statutory penalties pursuant to the CWCA (C.R.S. § 8-4-109), and attorney fees and costs pursuant to the FLSA (29 U.S.C. § 216), the MWO/COMPS (7 CCR 1103-1)(8.1(A)) (C.R.S. § 8-6-118), and the CWCA (C.R.S. § 8-4-121).

Plaintiffs further claim that the individual defendant, Duane J. O'Hara is personally liable, jointly and severally with the defendant corporation, for the wage violations at issue. Defendant O'Hara's personal liability is the subject of Plaintiffs' pending motion for partial summary judgment, docketed at ECF No. 28.

Plaintiffs will show at trial that Defendants' primary defense – that Plaintiffs were independent contractors, rather than statutorily protected employees – is wholly without merit. Plaintiffs will show that they were hourly laborers who were economically dependent on Defendants. Plaintiffs will show, as Defendant O'Hara admitted at deposition, that Plaintiffs did not run businesses of their own as would an independent contractor. Rather, Plaintiffs will show that, as Defendants' employees, Defendants controlled their work, their hours, and their pay. Defendants recorded the hours Plaintiffs worked and supplied them with the necessary tools and materials. Plaintiffs will show that they made no investment of capital into Defendants' business, nor into any independent enterprise of their own, and that they were hired for ongoing positions, not on a job-by-job basis. Defendant O'Hara has already testified that Plaintiffs were engaged in the primary work of Wild Irishman, that he directed them as to where to work and what to do, and that they had no opportunity to share in the profits or losses of the enterprise. In sum, Plaintiffs will

show that they were not independent contractors running their own businesses, but were the very type of low-wage employees that federal and state wage statutes are intended to protect.

<u>Defendants' defenses</u>:

Defendant Wild Irishman Tree & Landscape, Inc. ("**Wild Irishman**") provides landscaping and snow-removal services. It uses as its work force contractors, many of whom are undocumented immigrants who cannot find full-time employment but are willing to work as needed on an hourly basis as contractors. Wild Irishman's only employee has ever been its owner, Duane O'Hara.

The Plaintiffs in this action worked at one time or another for Wild Irishman. Each of them worked as an independent contractor, providing many of their own tools, receiving daily tasks, and performing their work under their own direction. None of the Plaintiffs was ever an employee of Wild Irishman.

The Plaintiffs stopped performing work for Wild Irishman because of their bad conduct or harm caused to the company. For example, Pedro Dominguez wrecked a truck owned by Wild Irishman that he drove at one of the jobs on which he was working on June 2016. He agreed to pay for it and, when he stopped working for Wild Irishman, told the company that the repair costs could be deducted from his last check.

Hermann Schwaiger Varón wrecked a front gate at a project at 2655 E. 52nd Avenue. He also damaged the fender on the driver's side of one of Wild Irishman's truck. These damages were withheld from his last check.

Edgar Anderson damaged the axel on Wild Irishman's mini-Bobcat trailer. These damages were withheld from his last paycheck.

Other laborers were paid the amounts they were owed.

## 4.  STIPULATIONS

None

## 5.  PENDING MOTIONS

1. Plaintiff's Motion for Conditional Collective Action Certification,* ECF No. 11. Filed December 16, 2020.

   a. Defendants' Response to Plaintiff's Motion for Conditional Collective Action Certification, ECF No. 20. Filed January 1, 2021.

   b. Plaintiff's Reply on the Motion for Conditional Collective Action Certification, ECF No. 23. Filed January 13, 2021.

*Plaintiffs have noticed the withdrawal of Plaintiff's Motion for Conditional Collective Action Certification prior to the Trial Preparation Conference. *See*, ECF No. 31.

2. Plaintiff's Motion for Partial Summary Judgment as to Defendant Duane J. O'Hara's Status as an Employer, ECF No. 28. Filed August 2, 2021.

   a. Defendants' Response to Plaintiff's Motion for Partial Summary Judgment as to Defendant Duane J. O'Hara's Status as an Employer, ECF No. 29. Filed August 23, 2021.

   b. Reply in Support of Plaintiff's Motion for Partial Summary Judgment as to Defendant Duane J. O'Hara's Status as an Employer, ECF No. 30. Filed September 2, 2021.

## 6.  WITNESSES

a. Plaintiffs' nonexpert witnesses:

(1) Plaintiffs' nonexpert witnesses who will be present at trial:

   i. Plaintiff Pedro Dominguez – Will present in-person testimony regarding his tenure of employment, his job duties, his hours worked, wages paid and

unpaid, facts going to Defendant O'Hara's status as an employer liable for the wage violations at issue, facts going to his status as an employee rather than an independent contractor, and any facts necessary for rebuttal of Defendants' case.

ii. Plaintiff Gerardo Acosta – Will present in-person testimony regarding his tenure of employment, his job duties, his hours worked, wages paid and unpaid, facts going to Defendant O'Hara's status as an employer liable for the wage violations at issue, facts going to his status as an employee rather than an independent contractor, and any facts necessary for rebuttal of Defendants' case.

iii. Plaintiff Hermann Schwaiger Varón – Will present in-person testimony regarding his tenure of employment, his job duties, his hours worked, wages paid and unpaid, facts going to Defendant O'Hara's status as an employer liable for the wage violations at issue, facts going to his status as an employee rather than an independent contractor, and any facts necessary for rebuttal of Defendants' case.

iv. Plaintiff Manuel Araujo – Will present in-person testimony regarding his tenure of employment, his job duties, his hours worked, wages paid and unpaid, facts going to Defendant O'Hara's status as an employer liable for the wage violations at issue, facts going to his status as an employee rather than an independent contractor, and any facts necessary for rebuttal of Defendants' case.

v. Plaintiff Hector Ortiz – Will present in-person testimony regarding his tenure of employment, his job duties, his hours worked, wages paid and

unpaid, facts going to Defendant O'Hara's status as an employer liable for the wage violations at issue, facts going to his status as an employee rather than an independent contractor, and any facts necessary for rebuttal of Defendants' case.

vi.   Plaintiff Brian Ortiz – Will present in-person testimony regarding his tenure of employment, his job duties, his hours worked, wages paid and unpaid, facts going to Defendant O'Hara's status as an employer liable for the wage violations at issue, facts going to his status as an employee rather than an independent contractor, and any facts necessary for rebuttal of Defendants' case.

vii.  Plaintiff Jaime Davila – Will present in-person testimony regarding his tenure of employment, his job duties, his hours worked, wages paid and unpaid, facts going to Defendant O'Hara's status as an employer liable for the wage violations at issue, facts going to his status as an employee rather than an independent contractor, and any facts necessary for rebuttal of Defendants' case.

viii. Defendant Duane J. O'Hara – Will present in-person testimony regarding the nature, time period, and locations of Plaintiffs' work for Defendants, Defendant O'Hara's status as an employer liable for the wage violations, the corporate defendant's status as a statutory employer, hours worked by and wages paid to the Plaintiffs, the willfulness of Defendants' wage law violations, Defendants' receipt of a CWCA demand and their failure to tender wages in response, facts going to the willfulness of Defendants' wage violations, and facts going to Plaintiffs' status as employees of

Defendants rather than independent contractors.

(2) Plaintiffs' nonexpert witnesses who may be present at trial if the need arises:

    i.  None

(3) Plaintiffs' nonexpert witnesses whose testimony will be presented by means of deposition:

    i.  None

b.   <u>Plaintiffs' expert witnesses</u>:

(1) Plaintiffs' expert witnesses who will be present at trial:

    i.  None

(2) Plaintiffs' expert witnesses who may be present at trial if the need arises:

    i.  None

(3) Plaintiffs' expert witnesses whose testimony will be presented by means of deposition:

    i.  None

a.   <u>Defendants' nonexpert witnesses</u>:

    i.  Defendant Duane J. O'Hara – Will present in-person testimony regarding the nature, time period, and locations of Plaintiffs' work for Wild Irishman, their status as independent contractors, and the damages caused by Plaintiffs.

b.   <u>Defendants' expert witnesses</u>: None

## 7.  EXHIBITS

A.  <u>Plaintiffs' Exhibits</u>:

1) Timecards – Bates IRISHMAN 00001, 00003 – 00007;

2) Letter of Payment – Bates IRISHMAN 00002;

3) Tax Returns – Bates IRISHMAN 00008 – 00108;

4) Defendants' Responses to Plaintiffs' written discovery requests;

5) Email Correspondence from Reid J. Allred to Brandt Milstein dated April 16, 2021 including text: "My clients confirmed that they conducted an exhaustive search and could locate no additional responsive documents.";

6) Correspondence from Brandt Milstein to Reid J. Allred dated November 5, 2020 regarding spoliation concerns.

7) Deposition Transcript of Duane J. O'Hara with Exhibits;

8) Plaintiffs' Timecards - Bates PL000001-PL000020;

9) Text Communications with Defendant O'Hara - Bates PL000021-PL000040 and PL000044-PL000052;

10) Gerardo Acosta check - Bates PL000041;

11) Photo O'Hara with Timecards - Bates PL000042;

12) Schwaiger CWCA Demand - Bates PL000043;

13) Wild Irishman Checks to Manuel Araujo - Bates PL000044-PL000046;

14) Subpoena and Affidavit of Service of Subpoena to US Bank;

15) Documents produced by US Bank in response to Plaintiffs' Subpoena - Bates PL000047-PL000611;

16) CDLE Case Files for Case Nos. 3104-20, 3101-19, 3036-20 – Bates PL 000612-PL000732;

17) Plaintiffs' Damages Calculations Spreadsheet.

<u>Defendants' Exhibits</u>: Exhibits necessary for rebuttal, foundation, and impeachment and any exhibits listed on Plaintiff's trial exhibit list.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

<u>Plaintiffs</u>:

Plaintiffs may recover wages for work performed during a six (6) year statutory period via their state law wage claims. *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1189 (D. Colo. 2018). Plaintiffs' federal wage claims cover a three (3) year statutory period. 29 U.S.C. § 255(a). In the discovery phase of this case, Defendants produced a grand total of eight (8) weekly timecard records, and no records of the wages paid to Plaintiffs over the six (6) and three (3) year statutory periods at issue.

At deposition, Defendants admitted that they had no further records of Plaintiffs' hours worked and wages paid. Defendants thus failed to keep adequate records of Plaintiffs' hours worked and wages paid in violation of the FLSA and state wage statutes. *See, e.g.,* 29 U.S.C. § 211(c) ("Every employer… shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him…").

An employer's compliance with the record-keeping requirements of section 211(c) "determines the burden of proof faced by a plaintiff in establishing the number of overtime hours worked." *McGrath v. Cent. Masonry Corp.*, No. 06–cv–00224, 2009 WL 3158131, at *6 (D.Colo. Sept. 29, 2009) (unpublished).

> [W]here the employer's records are inaccurate or inadequate... *an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.* The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employe[e]'s evidence. If

the employer fails to produce such evidence, the court may then award damages
to the employee, even though the result [may] be only approximate.

*Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), superseded by

statute on other grounds as stated in *Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C.Cir.

1972)) (emphasis added).

Because Defendants failed to maintain records of their employees' hours and pay, and

pursuant to *Mt. Clemens*, Plaintiffs here should be permitted a "just and reasonable inference"

that their testimony and documentary evidence are sufficient to ground an award for damages

regarding the number of overtime hours they worked and the number of hours worked for which

Defendants refused to pay them any wages at all. 328 U.S. 680 at 687.

Defendants:

Defendant Wild Irishman's only employee is, and ever has been, Duane O'Hara. It has not

had any employees for which it has been required to maintain records.

## 10.  SETTLEMENT

a.      Counsel for the parties met by telephone on November 5, 2020, to discuss in good faith
the settlement of the case.

b.      The participants in the settlement conference included counsel.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties do intend to hold future settlement conferences.

e.      It appears from the discussion by all counsel and any *pro se* party that there is some
possibility of settlement.

f.      Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;<br>FURTHER TRIAL PREPARATION PROCEEDINGS

1.      Trial is to the Court.

2.      The Parties estimate that trial will take 3-4 days.

3.      Trial will be in Denver, Colorado at the Alfred A. Arraj United States Courthouse.

4.      Plaintiffs will provide for Spanish to English interpretation at trial for Plaintiffs' testimony.

DATED this _____day of _____, 20_____.


BY THE COURT


_____

THE HONORABLE REGINA M. RODRIGUEZ
UNITED STATES DISTRICT COURT JUDGE


APPROVED:

*s/ Brandt Milstein*
Brandt Milstein
MILSTEIN TURNER, PLLC
1942 Broadway, Suite 509
Boulder, CO 80302
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiffs*

*s/ Reid J. Allred*
Reid J. Allred
Cambridge Law, LLC
4610 S. Ulster Street, Suite 150
Denver, CO 80237
303.488.3338
Reid@Cambridgelawcolorado.com

*Attorney for Defendants*