IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-02789-RMR-SKC

PEDRO DOMINGUEZ,

    Plaintiff,

v.

WILD IRISHMAN TREE & LANDSCAPE, INC., et al.,

    Defendants.

**ORDER**

Pending before the Court is the parties' Notice of Settlement and Suggestion of Administrative Closure ("Notice of Settlement"), ECF No. 37. The parties inform the Court that "they have settled this matter in principle." *Id.* at 1. They "request that the Court administratively close the case until final settlement payments required by the Parties' settlement agreement have been made, which is to occur in December, 2021." *Id.* "At that time," the parties state that they "will inform the Court, per Fed. R. Civ. P. 41(a)(1)(A)(ii), of the stipulated dismissal of this litigation." *Id.*

The Court DENIES the parties' request to administratively close the case and DIRECTS the parties to file either appropriate dismissal papers or a joint status report by Friday, January 14, 2022.

## I.   BACKGROUND

Plaintiff Pedro Dominguez was employed by Defendants Wild Irishman Tree & Landscape, Inc. and its owner and manager, Duane J. O'Hara, from approximately October, 2018 through approximately July 13, 2020 as an hourly landscaping employee. *See* ECF No. 1 ¶¶ 1, 7, 9.  On September 15, 2020, Plaintiff brought a Class and Collective Action Complaint for Unpaid Wages, ECF No. 1, against Defendants, alleging that they "outright refuse to pay their employees for weeks on end of work performed and refuse to pay overtime wages for overtime hours worked." *Id.* ¶ 2.  He brought claims of violations of the Fair Labor Standards Act ("FLSA"), as well as violations of the Colorado Wage Claim Act ("CWCA") and of the Colorado Minimum Wages of Workers Act ("CMWWA"), as implemented by the Colorado Minimum Wage Order ("MWO") and the Colorado Overtime and Minimum Pay Standards ("COMPS") Order.  *See id.* ¶ 3–5, 63–85.

On September 15 and 18, 2020, Plaintiff filed notices of filing of consents to join the litigation, in which three new individuals consented to join the litigation. *See* ECF Nos. 2, 6, 25, 32.  On December 16, 2020, Plaintiff filed a Motion for Conditional Collective Action Certification.  ECF No. 11.  However, on April 7 and September 27, 2021, Plaintiff filed two additional notices of filing of consents to join the litigation, in which three additional individuals consented to join the litigation, for a total of six people in addition to named Plaintiff, *see* ECF Nos. 25, 32, and on September 24, 2021, Plaintiff filed a Notice of Withdrawal of Plaintiff's Motion for Conditional Collective Action Certification, ECF No. 31.  In this notice, Plaintiff "inform[ed] the Court that, because other employees of

Defendants have already joined this case as Opt-In Plaintiffs . . . , Plaintiffs no longer request that the Court . . . authorize that notice of the case be sent to Defendants' employees regarding their opportunity to opt-in to the matter."[1]  ECF No. 31 at 1.  On October 27, 2021, Plaintiff filed the present Notice of Settlement.  ECF No. 27.

## II.   ANALYSIS

There is disagreement within the Tenth Circuit and in the District of Colorado regarding whether FLSA settlements require Court approval.  *Compare, e.g.*, *Ostrander v. Customer Engineering Servs., LLC*, No. 15-cv-01476-PAB-MEH, 2018 WL 1152265, at *1 (D. Colo. Mar. 5, 2018) (Brimmer, C.J.) ("In a lawsuit brought by employees against their employer to recover back wages under the FLSA, any proposed settlement between the parties must be presented to the court for a determination of whether the settlement is fair and reasonable."), *and Davis v. Crilly*, 292 F. Supp. 3d 1167, 1170 (D. Colo. 2018) (Arguello, J.) ("In a suit by employees against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable."), *and Thompson v. Qwest Corp.*, No. 17-cv-1745-WJM-KMT, 2018 WL 2183988, at *2 (D. Colo. May 11, 2018) (Martínez, J.) ("[T]he Court will go forward under the assumption that it must approve the Proposed Settlement."), *with Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, 2017 WL 11545275, at *3 (D. Colo. Jan. 9, 2017) (Krieger, J.) ("[N]othing in the text of the FLSA expressly requires court review and approval of

---

[1] Currently pending in this case is Plaintiff's motion for partial summary judgment, filed on August 2, 2021. ECF No. 28.

3

settlements. . . .  [A]n FLSA claim that is genuinely disputed by the employer may be compromised via a private settlement between the parties, and [] such settlement will be legally effective regardless of whether they are submitted to or approved by the trial court."), *and Fails v. Pathway Leasing LLC*, No. 18-cv-00308, 2018 WL 6046428, at *3 (D. Colo. Nov. 19, 2018) (Arguello, J.) ("This Court joins with Chief Judge Krieger in concluding that judicial review of bona fide FLSA disputes is not required.").

Noting that "nothing in the text of the FLSA expressly requires court review and approval of settlements," *Ruiz*, 2017 WL 11545275, at *3, and that neither party has requested such review or alleged that the dispute leading up to the settlement was not bona fide, the Court will allow the parties to file dismissal papers pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  *See, e.g., Fails*, 2018 WL 6046428, at *4 (citing *Ruiz*, 2017 WL 11545275, at *6) ("[T]he Court is not required to review the merits of the settlement agreement, and the parties may no longer wish the Court to do so.  If that is the case, they need only advise the Court that all claims have been resolved and that they desire to dismiss the case or close it."); *Teague v. Acxiom Corp.*, No. 18-cv-01743-NYW, 2018 WL 3772865, at *5 (D. Colo. Aug. 9, 2018) (Wang, Mag. J.) (denying approval of the FLSA settlement agreement due to missing information in the award of attorneys' fees but ordering the parties to "either DISMISS this action pursuant to their Settlement Agreement and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, or RENEW their Motion for Approval of settlement consistent with the instruction provided herein.").

Because the parties plan to make their final settlement payments as soon as within the next month, and thereafter file dismissal papers pursuant to Rule 41(a)(1)(A)(ii), the

4

Court declines the parties' invitation to "administratively close the case until final settlement payments required by the Parties' settlement agreement have been made." ECF No. 37 at 1. Instead, the Court directs the parties to file either those dismissal papers or a joint status report by Friday, January 14, 2022.

### III.  CONCLUSION

For the reasons stated above, the Court DENIES the parties' request to administratively close the case and DIRECTS the parties to file either appropriate dismissal papers or a joint status report by January 14, 2022.

DATED:  November 26, 2021

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge